

June 20, 2023

**BY ECF**
Hon. John P. Cronan
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    *Madryn Asset Management, LP* v. *Trailmark Inc.*
             Case No: 23 cv 03704

Dear Judge Cronan:

    We represent Petitioner Madryn Asset Management, LP ("Madryn") in the above referenced proceeding and write on consent of Respondent Trailmark Inc. ("Trailmark") regarding a briefing schedule on Madryn's Petition to Vacate the Arbitration Award and Madryn's related proposed redactions, both of which have been agreed upon by the parties.

    As to Madryn's Petition to Vacate the Arbitration Award (the "Petition"), the parties have agreed upon the following schedule: (i) Trailmark shall submit its Opposition on or before July 17, 2023; and (ii) Madryn shall submit any Reply in Support on or before August 4, 2023.

    As Your Honor is aware, Madryn filed a Motion to Seal certain exhibits in connection with its Petition on May 4, 2023 [Dkt. No. 6]. In accordance with Your Honor's individual rules and procedures, Madryn has proposed narrowly tailored and specific redactions of those temporarily sealed exhibits. Trailmark has consented to Madryn's proposed redactions and Madryn has consented to Trailmark's.

    The above-referenced redactions protect underlying information concerning the identity of and other private information relating to third parties, such as Madryn's investors and vendors, each of whom Madryn owes confidentiality obligations. The redactions also aim to protect proprietary and / or confidential business information. Such information is regularly redacted by courts in this District. *See e.g., Sec. and Exch. Comm'n v. Telegram Grp. Inc*, 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (permitting narrowly tailored redactions to protect third party interests in privacy and to protect proprietary business information); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary

modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Caxon Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd*., No. 09 Civ. 782 (PGG), 2009 WL 2365246, at *7 (S.D.N.Y. July 30, 2009) (permitting redactions of the identities of investors which did not "directly affect the adjudication" of the matter); *Scott D. Boras Inc. v. Sheffield*, No. 09 Civ. 8369 (SAS), 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009) (permitting redactions of proprietary business matters discussed in petition to confirm arbitration award).

      The Court in *Lugosch* determined a three-prong test when presented with a party's motion to seal or redact information. First, the court must conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the court finds that the documents at issue are "judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id*. Lastly, the court must "balance competing considerations against [the presumption]." *Id.* at 120.

      Here, the Petition and corresponding exhibits are judicial documents, and therefore a presumption of public access attaches. *Lugosch*, 435 F.3d at 119-120. However, such presumption may be overcome where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 120. Such countervailing factors to the presumption of access include "the privacy interests of those resisting disclosure." *Id.* (internal citations and quotations omitted). Moreover, "[t]he demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analysis, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. and Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, *3. Protecting the privacy interests of non-parties also represents a legitimate basis for sealing judicial documents. *Id*.

      In evaluating the second and third prongs under *Lugosch*, the weight of the presumption of access is outweighed by the third-party privacy interests and Madryn's need to protect its proprietary business information. As to the first category of Madryn's redactions, the information to be redacted includes the names of investors and should be permanently redacted from public view as confidential because such information does not "directly affect the adjudication" of the Petition. *See Caxton Int'l Ltd.* 2009 WL 2365246, at *7. The identity of Madryn's investors and vendors, as well as their specific investment dealings with Madryn (*e.g*., investment amount, deal terms) have minimal relevance to this Court's decision on whether the Arbitrator manifestly disregarded the language of the parties' agreement and the law. Moreover, Madryn is not seeking to seal all documents and information pertaining to third parties, but only to apply narrowly tailored redactions to protect minimally relevant information. *See Sec. and Exch. Comm'n v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023) (permitting redaction of third party identifying and personal information). Here, the competing considerations between the presumption of public access and Madryn's, Trailmark's, and third parties' privacy interests weighs in favor of this Court granting Madryn's request to redact.

      Regarding Madryn's (and third parties') proprietary business information, Madryn seeks to redact information concerning its investment analyses and strategies, investment performance,

Page 3 of 3
June 20, 2023

and other internal methodologies used to identify and evaluate investment opportunities. The confidentiality of this information is a legitimate countervailing factor to the public's presumptive right of access because disclosure would reveal Madryn's sensitive business practices to its competitors. *Sec. and Exch. Comm'n v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (permitting redactions where "disclosure of internal financial analyses of a business opportunity by a professional investment firm could reveal proprietary analysis and provide competitors with an unearned advantage") (internal citation and quotations omitted); *see also Scott D. Boras, Inc.*, 2009 WL 3444937, at *1. Not only would disclosure needlessly cause damage to Madryn's competitive advantage in the healthcare asset management industry, but it would not provide value to those who seek to monitor the federal courts—nor is the information relevant to this Court's decision on the Petition. *See Lugosch*, 435 F.3d at 119, 123; *Sec. and Exch. Comm'n v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (permitting redactions where disclosure of certain proprietary internal analyses of investment opportunities and private investment decisions "provid[ed] little value to the monitoring of the federal courts."); *see also Caxton Int'l Ltd.* 2009 WL 2365246, at *7. Therefore, here, the weight of the public's presumptive access is outweighed by Madryn's interest in protecting its proprietary business information. *Id.* (there is a "strong interest in preventing the public disclosure of […] certain proprietary internal analyses" of investment opportunities); *Dodona I, LLC*, 119 F. Supp. 3d at 156 (allowing redactions of internal corporate documents that governed investment strategies and model assumptions outweighed the presumption of public disclosure). Madryn has proposed narrowly tailored redactions which are sufficient to balance Madryn's interest in protecting its competitive standing in the industry with the presumption of access to the public. Trailmark has similarly sought similar redactions regarding its advisory agreement.

Based on the foregoing, Madryn respectfully requests that the proposed redacted information be permanently redacted from public view. We thank the Court for its consideration, and remain available should it have any questions or need any further support for sealing[1].

The request is granted. The deadline for Respondent's opposition brief is July 17, 2023, and the Deadline for Petitioner's reply, if any, is August 4, 2023. The Court has reviewed the proposed redactions and approves them as to form. The Clerk of Court is respectfully directed to close Docket Number 17.

SO ORDERED.

June 21, 2023
New York, New York

Sincerely,

s/

Evan W. Bolla

_____
JOHN P. CRONAN
United States District Judge

---

[1] We note that we contacted the Court by phone to inquire on the filing due date for this letter in light of the deadline falling on a Sunday with a Federal Holiday on Monday, and were informed we could file on Tuesday.